UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40099FDS

| | |
|---|---|
| ANDREW PAQUETTE,<br>　　　Plaintiff<br><br>vs.<br><br>NASHOBA REGIONAL SCHOOL DISTRICT;<br>MELANSON, HEATH AND COMPANY;<br>JOHANNA VAN HOUTEN RILEY, in her<br>official capacity as the former Superintendent for<br>the Nashoba Regional School District and in her<br>individual capacity; and CARLOS LLANSO,<br>ANNE KINGAN, ALICE ROEMER, MARY<br>BETH YENTZ, LINDA WEATHERBEE,<br>ADAM TOCCI, JEANNE WYAND, NANCY<br>FLEMING, in their official capacities as former<br>members of the Nashoba Regional School<br>Committee and in their individual capacities,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS NASHOBA REGIONAL SCHOOL DISTRICT,
JOHANNA VAN HOUTEN RILEY, CARLOS LLANSO, ANNE KINGAN,
ALICE ROEMER, MARY BETH YENTZ, LINDA WETHERBEE, ADAM TOCCI,
JEANNE WYAND AND NANCY FLEMING'S MOTION TO DISMISS**

Defendants Nashoba Regional School District, Johanna Van Houten Riley, Carlos Llanso, Anne Kingan, Alice Roemer, Mary Beth Yentz, Linda Wetherbee, Adam Tocci, Jeanne Wyand and Nancy Fleming (collectively the "defendants") hereby respectfully move the Court to dismiss Counts I, II, V (as to Nashoba Regional School District ("NRSD")), VII (as to NRSD), VIII, IX, X and XII of the First Amended Verified Complaint ("Complaint"). As grounds for this motion, the defendants state that none of these Counts states a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

The Court should dismiss Counts I and II against NRSD because neither Count states a claim under 42 U.S.C., § 1983 upon which relief can be granted. Neither Count I nor II alleges a governmental policy practice or custom of NRSD which was substantial motivating factor behind any alleged deprivation of the plaintiff's federal or state civil rights.

The Court should dismiss Counts V, VII, IX and XII against NRSD because NRSD cannot be held liable, and is immune to claims based on the alleged intentional torts of its agents and employees. See M.G.L. c. 258, § 10(c).

The Court should dismiss Counts VIII against NRSD because NRSD is not a "person" subject to potential liability under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I.

The Court should dismiss Counts X and XI because the plaintiff resigned from employment and was not terminated wrongfully. The Court should dismiss Counts X and XI as to defendants Llanso, Kingan, Roemer, Yentz, Wetherbee, Tocci, Wyand and Fleming because none of the school committee defendants can have terminated the plaintiff as a matter of Massachusetts law.

The Court should dismiss Count I as to all defendants because the plaintiff was not criminally prosecuted and cannot prove an actionable deprivation of his right against self incrimination.

The Court should dismiss Counts II and VIII as against all defendants because the plaintiff has not alleged a deprivation of due process which can support liability under 42 U.S.C., § 1983 or M.G.L. c. 12, § 11I. The allegations of the Complaint make clear that the plaintiff resigned from public employment, and his resignation does not implicate property interests protected by the Constitutional guaranty of due process of law. Further, the plaintiff has not

alleged an interference with his civil rights by means of "threats, intimidation or coercion" on his state law civil rights claim.

The Court should dismiss Count IX, which alleges liability for invasion of privacy because the information which the plaintiff alleges was disseminated by the defendants was not private or intimate information concerning the plaintiff, but public information concerning a public figure and the fiscal condition of a public entity under the plaintiff's watch.

The Court should dismiss Count X as against all defendants because the plaintiff was not terminated and has not alleged a violation of public policy which can support his cause of action.

The Court should dismiss Count XII as against all defendants because the plaintiff has not alleged extreme and outrageous conduct by any defendant which can support liability in tort under this common law cause of action.

A memorandum of law in support of this motion is filed herewith.

WHEREFORE, the defendants respectfully move the Court to dismiss Counts I, II, V (as to Nashoba Regional School District ("NRSD")), VII (as to NRSD), VIII, IX, X and XII of the First Amended Verified Complaint.

REQUEST FOR ORAL ARGUMENT

The defendants respectfully request oral argument of this motion.

> The Defendants,
> NASHOBA REGIONAL SCHOOL DISTRICT, JOHANNA VAN HOUTEN RILEY, CARLOS LLANSO, ANNE KINGAN, ALICE ROEMER, MARY BETH YENTZ, LINDA WETHERBEE, ADAM TOCCI, JEANNE WYAND and NANCY FLEMING,
> By Their Attorneys,
>
> /s/ William P. Breen, Jr.
> William P. Breen, Jr., Esq., BBO #558768
> Rebecca L. Andrews Esq., BBO #644846
> MURPHY, HESSE, TOOMEY & LEHANE, LLP
> 300 Crown Colony Drive, Suite 410
> Quincy, MA 02110
> (617) 479-5000

Dated: August 26, 2005

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

The undersigned attorney certifies that prior to filing the above motion, he conferred in good faith with the plaintiff's attorney to narrow the issues raised by this motion.

> /s/ William P. Breen, Jr.
> William P. Breen, Jr.