UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| ANDREW PAQUETTE,<br>    Plaintiff,<br><br>v.<br><br>NASHOBA REGIONAL SCHOOL DISTRICT; MELANSON HEATH AND COMPANY; JOHANNA VAN HOUTEN RILEY, in her official capacity as the former Superintendent for the Nashoba Regional School District and in her individual capacity; and CARLOS LLANSO, ANNE KINGAN, ALICE ROEMER, MARY BETH YENTZ, LINDA WEATHERBEE, ADAM TOCCI, JEANNE WYLAND, NANCY FLEMING, in their official capacities as former members of the Nashoba Regional School Committee and in their individual capacities,<br>    Defendants. | Civil Action No. 05-40099FDS |

**ANSWER OF THE DEFENDANT, MELANSON, HEATH & CO., P.C.,
TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

The defendant, Melanson, Heath & Co., P.C. (hereinafter "the defendant"), hereby responds to the each and every corresponding paragraph of the plaintiff's First Amended Complaint as follows:

**Nature of the Case**

This paragraph does not set forth any allegations for which a response is required, but purports to describe the type of claims asserted in this lawsuit. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are specifically denied.

## Jurisdiction

1 - 2.   The defendant does not contest venue or jurisdiction in this matter and, therefore, no response is required.

## Parties

3.   The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

4.   The allegations contained in this paragraph do not pertain to the defendant and, therefore, no response is required.

5 - 13.   The allegations contained in these paragraphs do not pertain to the defendant and, therefore, no response is required.

14.   The defendant admits that it provides accounting services as part of its business and that it has an office in Greenfield, Massachusetts, but denies the remaining allegations contained in this paragraph.

## Facts

15.   The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

16.   The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

17.   The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

18.   The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

19. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

20. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

21. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

22. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

23. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

24. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

25. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

26. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

27. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

28. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

29. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

30. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

31. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

32. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

33. The defendant admits that it was hired by the District to conduct a performance review of specific transactions and accounts in 2002, but denies the remaining allegations contained in the fourth sentence of this paragraph. The defendant is without knowledge or information sufficient to determine the truth of the remaining allegations contained in this paragraph and, therefore, denies the same.

34. The allegations contained in this paragraph do not pertain to this defendant, and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are specifically denied.

35. The allegations contained in this paragraph do not pertain to this defendant, and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are specifically denied.

36. The allegations contained in this paragraph do not pertain to this defendant, and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are specifically denied.

37. The allegations contained in this paragraph do not pertain to this defendant, and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are specifically denied.

38. The defendant admits that contact occurred between the plaintiff and the defendant on or about August 19, 2002, but denies that the plaintiff provided help to the defendant in its performance review. The defendant denies the remaining allegations contained in this paragraph.

39. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph and, therefore, denies the same.

40-45. The allegations contained in these paragraphs do not pertain to this defendant, and, therefore, no response is required. To the extent that these paragraphs may be construed as setting forth any allegations against this defendant, they are specifically denied.

46. The defendant denies the allegations contained in this paragraph.

47-50. The allegations contained in these paragraphs do not pertain to this defendant, and, therefore, no response is required. To the extent that these paragraphs may be construed as setting forth any allegations against this defendant, they are specifically denied.

51. Although it is unclear whether this paragraph intends to include this defendant within the "defendants" referenced therein, the defendant nevertheless denies the allegations contained in this paragraph.

52. Although it is unclear whether this paragraph intends to include this defendant within the "defendants" referenced therein, the defendant nevertheless denies the allegations contained in this paragraph.

53.    The allegations contained in this paragraph do not pertain to this defendant, and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are specifically denied.

54.    This paragraph does not set forth any allegations for which a response is required, but purports to describe the type of claims asserted in this lawsuit. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are specifically denied.

## Counts I – V

55-87.    The allegations contained in Counts I – V, paragraphs 55 through 87, do not pertain to this defendant and, therefore, no response is required. To the extent that any of these paragraphs are construed as setting forth allegations against this defendant, they are specifically denied.

## Count VI

88.    The defendant incorporates by reference its responses to paragraphs 1 through 87 as though expressly set forth herein.

89.    The defendant admits that it was hired by the School District to conduct a performance review of specific transactions and accounts, but denies the remaining allegations contained in this paragraph.

90.    The defendant denies the allegations contained in this paragraph.

91.    The defendant denies the allegations contained in this paragraph.

92.    The defendant denies the allegations contained in this paragraph.

93.    The defendant denies the allegations contained in this paragraph.

94. The defendant denies the allegations contained in this paragraph.

95. The defendant denies the allegations contained in this paragraph.

96. The defendant denies the allegations contained in this paragraph.

97. The defendant denies the allegations contained in this paragraph.

98. The defendant denies the allegations contained in this paragraph.

## Count VII

99. The defendant incorporates by reference its responses to paragraphs 1 through 98 as though expressly set forth herein.

100. The defendant admits that it was hired by the School District to conduct a performance review of specific transactions and accounts, but denies the remaining allegations contained in this paragraph.

101. The defendant denies the allegations contained in this paragraph.

102. The defendant denies the allegations contained in this paragraph.

103. The defendant denies the allegations contained in this paragraph.

104. The defendant denies the allegations contained in this paragraph.

105. The defendant denies the allegations contained in this paragraph.

106. The defendant denies the allegations contained in this paragraph.

107. The defendant denies the allegations contained in this paragraph.

## Count VIII – Count XI

108-143. The allegations contained in Counts VIII – XI, paragraphs 108 through 143, do not pertain to this defendant and, therefore, no response is required. To the extent that

any of these paragraphs are construed as setting forth allegations against this defendant, they are specifically denied.

## Count XII

144. The defendant incorporates by reference its responses to paragraphs 1 through 143 as though expressly set forth herein.

145. The defendant denies the allegations contained in this paragraph.

146. The defendant denies the allegations contained in this paragraph.

147. The defendant denies the allegations contained in this paragraph.

148. The defendant denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

The defendant, having denied each and every allegation contained in the plaintiff's First Amended Complaint not expressly admitted above, states its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to identify any allegedly defamatory statements made by this defendant and, therefore, the Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Although the plaintiff's Complaint fails to identify any allegedly defamatory statements that were purportedly made by this defendant, in the event any such statements are ultimately identified (which the defendant expressly denies having made), then to the extent that the statements were made with the good faith belief of their truth, the plaintiff's claims should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

To the extent that plaintiff's reputation at the time of any such statements (which the plaintiff has yet to identify) render him, in effect libel-proof, then as a matter of law, even if plaintiff could prove that the defendant is liable for "defamation" (which the defendant expressly denies) the damages, if any, would be none or nominal and the defendant is entitled to judgment as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim against this defendant upon which relief can be granted and, therefore, should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is a public figure and must plead and prove malice, which he has not, and, therefore, he fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Any statements and/or other communications made by the defendant in connection with this matter were privileged and, therefore, the defendant is not subject to liability.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims against this defendant must be dismissed because of the privilege(s) that exist on the following grounds:

a)  Public policy required that the defendant be permitted to participate in a public and/or government investigation;

b)  Statements and communications made were intended for a matter of public concern;

c) Statements and communications (which the plaintiff has yet to identify) were made preliminary to and in the course of an investigation;

d) The statements, if any, were made during the pendency of a governmental proceeding and were related to that proceeding;

e) To the extent that any such statements (which the plaintiff has yet to identify) were made to law enforcement officers for the purpose of reporting possible criminal activity, they are privileged;

f) To the extent that any such statements (which the plaintiff has yet to identify) were made in self-defense, the defendant has a right in good faith to defend itself by commenting on the motive of the accuser in the same transaction;

g) To the extent that any such statements (which the plaintiff has yet to identify) were made by the defendant to any of the co-defendants pursuant to a governmental investigation, the statements were reasonably calculated to protect and further a common interest between the defendant and co-defendants for the benefit of the public;

h) To the extent that any such statements (which the plaintiff has yet to identify) were made to fairly and accurately report information to the government about a government employee, then they are protected by the "Fair Report Privilege" and protected by immunity;

i) To the extent that any such statements (which the plaintiff has yet to identify) were made during and for the purpose of a judicial proceeding and/or official

       proceeding, the defendant was acting with "official or judicial powers" in that it had a duty and obligation to investigate and report its findings;

j)    The subject matter of the defendant's communications was a matter of public interest on which it had the right of fair comment;

k)    Statements of an accountant to a client and/or in the course of an investigation are subject to a qualified privilege; and

l)    Public policy requires that defendant enjoy an absolute privilege to the extent that any such statements (which the plaintiff has yet to identify) were in defense of defamatory statements made about it and in the press;

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed pursuant to the Massachusetts Anti-SLAPP statute, G.L. c. 231, §59H, and the defendant should be awarded its fees and costs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly notify defendant as required by law, including pursuant to G.L. c. 258.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's harm, if any, was caused by third parties for whose conduct this defendant is not responsible.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by G.L. c. 152.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any liability of the defendant to the plaintiff is subject to contractual limitations of liability inuring to the benefit of the defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's acts were in good faith and, as such, plaintiff's claims are barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff is seeking equitable relief against the defendant, he is barred by the principle of laches and otherwise barred because he failed to timely prosecute his claims, if any, against defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff failed to mitigate his damages, including without limitation, to the extent he failed to cooperate with his employer and with the defendant to resolve the matters raised by the investigation and essentially required the co-defendants to terminate him.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against this defendant are barred because the defendant was exercising its rights under the First Amendment of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against this defendant are subject to dismissal pursuant to G.L. c. 231, §6F, and the defendant is entitled to recover its fees and costs pursuant to same.

## TWENTIETH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred under the doctrine of in pari delicto.

## TWENTY FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims are barred under the doctrine of waiver and release.

## TWENTY SECOND AFFIRMATIVE DEFENSE

There was no privity between the plaintiff and the defendant and, therefore, the plaintiff cannot recover from the defendant.

## TWENTY THIRD AFFIRMATIVE DEFENSE

To the extent that the plaintiff has asserted claims that are merely derivative of his defamation claim, such claims should be dismissed. (E.g. Albright v. Morton, 321 F. Supp. 2d. 130, 141 (D. Mass. 2004).

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Any purported statements by the defendant, which the plaintiff has yet to identify, constitute opinions and/or estimates based on disclosed non-defamatory facts and, therefore, the plaintiff's claims should be dismissed.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Due to the lack of specificity of the allegations in the Complaint, the defendant reserves its right to assert additional affirmative defenses as this case proceeds and further information regarding the plaintiff's claims comes to light.

**THE DEFENDANT DEMANDS A TRIAL BY JURY.**

                              The Defendant,
                              Melanson, Heath and Company, P.C.
                              By its attorneys,

April 24, 2006                      /s/ Edward D. Shoulkin
Date:                              Edward D. Shoulkin
                                       B.B.O. # 555483
                                       Taylor, Duane, Barton & Gilman, LLP
                                       160 Federal Street, 5th Floor
                                       Boston, MA  02110
                                       (617) 654-8200