UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDREW PAQUETTE,<br>     Plaintiff,<br><br>v.<br><br>NASHOBA REGIONAL SCHOOL DISTRICT;<br>MELANSON, HEATH AND COMPANY;<br>JOHANNA VAN HOUTEN RILEY, in her<br>official capacity as the former Superintendent<br>for the Nashoba Regional School District and<br>in her individual capacity; and CARLOS<br>LLANSO, ANNE KINGAN, ALICE ROEMER,<br>MARY BETH YENTZ, LINDA WEATHERBEE,<br>ADAM TOCCI, JEANNE WYAND, NANCY<br>FLEMING, in their official capacities as former<br>members of the Nashoba Regional School<br>Committee and in their individual capacities,<br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.:<br>2005CV40099FDS |

**DEFENDANTS NASHOBA REGIONAL SCHOOL DISTRICT, JOHANNA VAN
HOUTEN RILEY, CARLOS LLANSO, ANNE KINGAN,  ALICE ROEMER, MARY
BETH YENTZ,  LINDA WEATHERBEE, ADAM TOCCI,  JEANNE WYAND, AND
NANCY FLEMING'S, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

**FIRST DEFENSE**

The Defendants state that the Plaintiff's First Amended Complaint fails to state a claim upon

which relief can be granted.

**SECOND DEFENSE**

The Defendants state that the Plaintiff's First Amended Complaint failed to state a claim

upon which relief can be granted in that the Defendants have no obligation to pay the Plaintiff any

amount of the loss or damages alleged.

## THIRD DEFENSE

The Defendants Nashoba Regional School District, Johanna Van Houten Riley, Carlos Llanso, Anne Kingan, Alice Roemer, Mary Beth Yentz, Linda Weatherbee, Adam Tocci, Jeanne Wyand, and Nancy Fleming (hereinafter "Defendants") hereby respond to the allegations contained in the Plaintiff's First Amended Complaint, paragraph by paragraph.

## JURISDICTION

1.    The Defendants do not respond to the allegations in Paragraph 1 of the First Amended Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the Defendants deny each and every allegation in Paragraph 1 of the First Amended Complaint.

2.    The Defendants do not respond to the allegations in Paragraph 2 of the First Amended Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the Defendants deny each and every allegation in Paragraph 2 of the First Amended Complaint.

## PARTIES

3.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the First Amended Complaint and therefore leave the Plaintiff to prove same.

4.    The Defendants admit the allegations in Paragraph 4 of the First Amended Complaint.

5.    The Defendants admit the allegations in Paragraph 5 of the First Amended Complaint to the extent it alleges the former employment and citizenship of Defendant Riley. The Defendants deny Defendant Riley is presently employed at Westport High School. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

6.    The Defendants admit the allegation in Paragraph 6 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Carlos Llanso on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

7.    The Defendants admit the allegation in Paragraph 7 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Anne Kingan on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

8.    The Defendants admit the allegation in Paragraph 8 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Alice Roemer on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

9.    The Defendants admit the allegation in Paragraph 9 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Mary Beth Yentz on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

10.   The Defendants admit the allegation in Paragraph 10 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Linda Weatherbee on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

11.   The Defendants admit the allegation in Paragraph 11 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Adam Tocci on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

12.   The Defendants admit the allegation in Paragraph 12 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Jeanne Wyand on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

13.   The Defendants admit the allegation in Paragraph 13 of the First Amended Complaint to the extent it alleges the citizenship, address and status of Nancy Fleming on the School Committee of the Defendant. The Defendants do not respond to the allegations concerning actions under the authority and color of state law because such allegations are conclusions of law not requiring a responsive pleading.

14.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the First Amended Complaint and therefore leave the Plaintiff to prove same.

## FACTS

15.    The Defendants admit the allegations in Paragraph 15 of the First Amended Complaint to the extent if alleges the Plaintiff was hired to serve as the Director of Finance and Operations for the School District.  The Defendants are without knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 15 and therefore call upon plaintiff to prove same.

16.    The Defendants admit the allegations in Paragraph 16 of the First Amended Complaint to the extent it alleges Defendant Riley was hired in October 2000 as Superintendent and has an M.B.A. from Boston College.  The Defendants deny each and every other allegation in Paragraph 16 of the First Amended Complaint.

17.    The Defendants admit the allegations in Paragraph 17 of the First Amended Complaint to the extent it alleges Plaintiff was supervised by Defendant Riley and Plaintiff also reported directly to the School Committee as Director of Finance.

18.    The Defendants admit the allegations in Paragraph 18 of the First Amended Complaint to the extent it alleges the School Committee voted to obtain a "Result of Operations Report" from Plaintiff.  The Defendants deny each and every other allegation in Paragraph 18 of the First Amended Complaint.

19.    The Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20.    The Defendants admit the allegations in Paragraph 20 of the First Amended Complaint to the extent it alleges the School Committee voted to obtain a "Result of Operations Report" from Plaintiff.  The Defendants deny each and every other allegation in Paragraph 20 of the First Amended Complaint.

21.    The Defendants deny the allegations in Paragraph 21 of the First Amended Complaint.

22.    The Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23.    The Defendants admit the allegations in Paragraph 23 of the First Amended Complaint to the extent it alleges the School District had a prior history of financial deficits, that Defendant Riley instructed Plaintiff to evaluate Special Education expenses for out-of-district tuitions, and that both Defendant Riley and Plaintiff would periodically ask the School Committee to freeze discretionary spending, which comprised approximately less than 10% of the District

Budget. The Defendants deny each and every other allegation in Paragraph 23 of the First Amended Complaint.

24.    The Defendants admit the allegations in Paragraph 24 of the First Amended Complaint to the extent it alleges that both Defendants Riley and Plaintiff would periodically ask the School Committee to freeze discretionary spending, which comprised approximately less than 10% of the District Budget. The Defendants deny each and every other allegation in Paragraph 24 of the First Amended Complaint.

25.    The Defendants deny each and every allegation in Paragraph 25 of the First Amended Complaint.

26.    The Defendants admit the allegations in Paragraph 26 of the First Amended Complaint to the extent it alleges an administrative meeting took place between Plaintiff, Defendant Riley and Defendant Llanso. The Defendants deny each and every other allegation in Paragraph 26 of the First Amended Complaint.

27.    The Defendants admit the allegations in Paragraph 27 of the First Amended Complaint to the extent it alleges the School Committee expressed outrage upon learning of Plaintiff's wrongdoing. The Defendants deny each and every other allegation in Paragraph 27 of the First Amended Complaint.

28.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the First Amended Complaint and therefore leave the Plaintiff to prove same.

29.    The Defendants admit the allegations in Paragraph 29 to the extent it alleges Plaintiff submitted his resignation by letter dated June 20, 2002. The Defendants are without knowledge as to the remaining allegations in Paragraph 29 and therefore call upon Plaintiff to prove same.

30.    The Defendants admit the allegations in Paragraph 30 of the First Amended Complaint to the extent it alleges Defendant Riley accepted the Plaintiff's resignation by letter and that Defendant Riley, on behalf of the School Committee, requested Plaintiff remain in his position until the pending annual audit was expected to be completed. The Defendants deny each and every other allegation in Paragraph 30 of the First Amended Complaint.

31.    The Defendants admit the allegations in Paragraph 31 of the First Amended Complaint.

32.    The Defendants deny each and every allegation in Paragraph 32 of the First Amended Complaint.

33.   The Defendants admit to the allegations in Paragraph 33 to the extent that Defendant Riley and Defendant Roemer discussed an extensive budget deficit during Plaintiff's absence of which Defendants had no previous knowledge. The Defendants further admit the allegations in Paragraph 33 to the extent that the extensive budget deficit was caused by Plaintiff, and that the School District retained Co-Defendant Melanson, Heath & Company to conduct a forensic audit of the budget deficit. The Defendants deny each and every other allegation in Paragraph 33 of the First Amended Complaint.

34.   The Defendants deny each and every allegation in Paragraph 34 of the First Amended Complaint.

35.   The Defendants admit the allegations in Paragraph 35 of the First Amended Complaint to the extent that it alleges Defendant Riley met with Plaintiff upon Plaintiff's return from vacation, requested Plaintiff turn-in his School District issued property, and placed him on administrative leave with pay. The Defendants deny each and every other allegation in Paragraph 35 of the First Amended Complaint.

36.   The Defendants admit the allegations in Paragraph 36 of the First Amended Complaint to the extent that Defendant Riley requested Plaintiff to cooperate with the Melanson, Heath & Company auditors. The Defendants deny each and every other allegation in Paragraph 36 of the First Amended Complaint.

37.   The Defendants admit the allegations in Paragraph 37 of the First Amended Complaint.

38.   The Defendants are without knowledge of the allegations in Paragraph 38 of the First Amended Complaint concerning Plaintiff's communications with Melanson, Heath & Company, and therefore call upon Plaintiff to prove same. The Defendants deny each and every other allegation in Paragraph 38 of the First Amended Complaint.

39.   The Defendants are without knowledge of the allegations in Paragraph 39 of the First Amended Complaint concerning Plaintiff's reading the newspaper, and therefore call upon Plaintiff to prove same. The Defendants do not respond to the allegations in Paragraph 39 of the First Amended Complaint purporting to recite the content of newspaper articles, which articles speak for themselves.

40.   The Defendants deny each and every allegation in Paragraph 40 of the First Amended Complaint.

41.   The Defendants admit the allegations in Paragraph 41 of the First Amended Complaint to the extent it alleges the Defendants never advised Plaintiff of his rights not to incriminate himself. The Defendants deny Defendants had any duty concerning advising Plaintiff of his rights. The Defendants deny each and every other allegation in Paragraph 41 of the First

Amended Complaint.

42.   The Defendants admit to the allegations in Paragraph 42 of the First Amended Complaint to the extent it alleges the Defendant Riley addressed the School Committee at meetings, identified Plaintiff's conduct and that Defendant Riley was unaware of the misconduct. The Defendants deny each and every other allegation in Paragraph 42 of the First Amended Complaint.

43.   The Defendants do not respond to the allegations in Paragraph 43 of the First Amended Complaint to the extent they purport to recite the content of documents, which documents speak for themselves. The Defendants are without knowledge as to the remaining allegations in Paragraph 43 of Plaintiff's First Amended Complaint and therefore call upon Plaintiff to prove same.

44.   The Defendants are without knowledge as to the allegations in Paragraph 44 of the First Amended Complaint concerning Plaintiff's awareness and therefore call upon Plaintiff to prove same.  The Defendants do not respond to the allegations in Paragraph 44 of the First Amended Complaint to the extent they purport to recite the contents of documents, which documents speak for themselves.  The Defendants admit the allegation in Paragraph 44 of the First Amended Complaint to the extent it alleges they did not grant immunity to Plaintiff, but deny Defendants had the duty or authority to grant immunity. The Defendants deny each and every other allegation in Paragraph 44 of the First Amended Complaint.

45.   The Defendants do not respond to the allegations in Paragraph 45 of the First Amended Complaint to the extent they purport to recite the contents of documents, which documents speak for themselves. The Defendants deny each and every other allegation in Paragraph 45 of the First Amended Complaint.

46.   The Defendants admit the allegations in Paragraph 46 of the First Amended Complaint to the extent it alleges Plaintiff did not cooperate with the Melanson, Heath & Company audit. The Defendants deny each and every other allegation in Paragraph 46 of the First Amended Complaint.

47.   The Defendants do not respond to the allegations in Paragraph 47 of the First Amended Complaint to the extent they purport to recite the contents of documents, which documents speak for themselves. The Defendants admit to the allegations in Paragraph 47 to the extent it alleges that when Plaintiff refused to cooperate with the auditors after Plaintiff's resignation, the Defendants did not continue to pay Plaintiff wages.  The Defendants deny each and every other allegation in Paragraph 47 of the First Amended Complaint.

48.   The Defendants admit to the allegations in Paragraph 48 of the First Amended Complaint to the extent it alleges that when Plaintiff refused to cooperate with the auditors after his

resignation, the Defendants did not continue to pay Plaintiff wages. The Defendants deny each and every other allegation in Paragraph 48 of the First Amended Complaint.

49.    The Defendants do not respond to the allegations in Paragraph 49 of the First Amended Complaint to the extent it purports to recite the contents of documents, which documents speak for themselves. The Defendants deny each and every other allegation in Paragraph 49 of the First Amended Complaint.

50.    The Defendants admit the allegations in Paragraph 50 of the First Amended Complaint to the extent it alleges the Defendant Riley responded to all questions at public meetings with truthful answers, to include identifying Plaintiff's wrongdoing, and Defendant Riley's lack of prior knowledge of same. The Defendants deny each and every other allegation in Paragraph 50 of the First Amended Complaint.

51.    The Defendants deny each and every allegation in Paragraph 51 of the First Amended Complaint.

52.    The Defendants deny each and every allegation in Paragraph 52 of the First Amended Complaint.

53.    The Defendants deny each and every allegation in Paragraph 53 of the First Amended Complaint.

54.    The Defendants deny each and every allegation in Paragraph 54 of the First Amended Complaint.

## COUNT I

55.-59.  The Defendants do not respond to the allegations in Count I of the First Amended Complaint because this count was dismissed by Order of the Court dated March 30, 2006.

## COUNT II

60.    The Defendants repeat and reallege their answers to Paragraphs 1 through 59 of the First Amended Complaint as if fully set forth herein.

61.    The Defendants deny each and every allegation in Paragraph 61 of the First Amended Complaint.

62.    The Defendants deny each and every allegation in Paragraph 62 of the First Amended Complaint.

63.     The Defendants deny each and every allegation in Paragraph 63 of the First Amended Complaint.

64.     The Defendants deny each and every allegation in Paragraph 64 of the First Amended Complaint.

65.     The Defendants deny each and every allegation in Paragraph 65 of the First Amended Complaint.

66.     The Defendants deny each and every allegation in Paragraph 66 of the First Amended Complaint.

67.     The Defendants deny each and every allegation in Paragraph 67 of the First Amended Complaint.

68.     The Defendants deny each and every allegation in Paragraph 68 of the First Amended Complaint.

## COUNT III

69.     The Defendants repeat and reallege their answers to Paragraphs 1 through 68 of the First Amended Complaint as if fully set forth herein.

70.     The Defendants deny each and every allegation in Paragraph 70 of the First Amended Complaint.

71.     The Defendants deny each and every allegation in Paragraph 71 of the First Amended Complaint.

72.     The Defendants deny each and every allegation in Paragraph 72 of the First Amended Complaint.

## COUNT IV

73.     The Defendants repeat and reallege their answers to Paragraphs 1 through 72 of the First Amended Complaint as if fully set forth herein.

74.     The Defendants deny each and every allegation in Paragraph 74 of the First Amended Complaint.

75.     The Defendants deny each and every allegation in Paragraph 75 of the First Amended Complaint.

76.    The Defendants do not respond to the allegations in Paragraph 76 of the First Amended Complaint to the extent they purport to recite the contents of documents, which documents speak for themselves.  To the extent a response is deemed necessary, the Defendants deny each and every allegation in Paragraph 76 of the First Amended Complaint.

77.    The Defendants do not respond to the allegations in Paragraph 77 of the First Amended Complaint to the extent they purport to recite the contents of documents, which documents speak for themselves.  To the extent a response is deemed necessary, the Defendants deny each and every allegation in Paragraph 77 of the First Amended Complaint.

## COUNT V

The Defendant Nashoba Regional School District does not respond to the allegations in Count V of the First Amended Complaint because this count was dismissed as to the Defendant Nashoba Regional School District by Order of the Court dated March 30, 2006.  The remaining Defendants respond as follows:

78.    The Defendants repeat and reallege their answers to Paragraphs 1 through 77 of the First Amended Complaint as if fully set forth herein.

79.    The Defendants deny each and every allegation in Paragraph 79 of the First Amended Complaint.

80.    The Defendants deny each and every allegation in Paragraph 80 of the First Amended Complaint.

81.    The Defendants deny each and every allegation in Paragraph 81 of the First Amended Complaint.

82.    The Defendants deny each and every allegation in Paragraph 82 of the First Amended Complaint.

83.    The Defendants deny each and every allegation in Paragraph 83 of the First Amended Complaint.

84.    The Defendants deny each and every allegation in Paragraph 84 of the First Amended Complaint.

85.    The Defendants deny each and every allegation in Paragraph 85 of the First Amended Complaint.

86.    The Defendants deny each and every allegation in Paragraph 86 of the First Amended

Complaint.

87.   The Defendants deny each and every allegation in Paragraph 87 of the First Amended Complaint.

## COUNT VI

88.-98.   The Defendants do not respond to the allegations in Count VI of the First Amended Complaint because these allegations are not directed to the Defendants. To the extent a response is deemed necessary, the Defendants deny each and every allegation in Count VI of the First Amended Complaint.

## COUNT VII

The Defendant Nashoba Regional School District does not respond to the allegations in Count VII of the First Amended Complaint because this count was dismissed as to the Defendant Nashoba Regional School District by Order of the Court dated March 30, 2006. The remaining Defendants respond as follows:

99.   The Defendants repeat and reallege their answers to Paragraphs 1 through 98 of the First Amended Complaint as if fully set forth herein.

100.   The Defendants admit the allegations in Paragraph 100 of the First Amended Complaint to the extent it alleges the School District retained Melanson, Heath & Company to conduct a forensic audit. The Defendants deny each and every other allegation in Paragraph 100 of the First Amended Complaint.

101.   The Defendants deny each and every allegation in Paragraph 101 of the First Amended Complaint.

102.   The Defendants deny each and every allegation in Paragraph 102 of the First Amended Complaint.

103.   The Defendants deny each and every allegation in Paragraph 103 of the First Amended Complaint.

104.   The Defendants deny each and every allegation in Paragraph 104 of the First Amended Complaint.

105.   The Defendants deny each and every allegation in Paragraph 105 of the First Amended Complaint.

106.  The Defendants deny each and every allegation in Paragraph 106 of the First Amended Complaint.

107.  The Defendants deny each and every allegation in Paragraph 107 of the First Amended Complaint.

## COUNT VIII

108.-114. The Defendants do not respond to the allegations in Count VIII of the First Amended Complaint because this count was dismissed by Order of the Court dated March 30, 2006.

## COUNT IX

The Defendant Nashoba Regional School District does not respond to the allegations in Count IX of the First Amended Complaint because this count was dismissed as to the Defendant Nashoba Regional School District by Order of the Court dated March 30, 2006.  The remaining Defendants respond as follows:

115.  The Defendants repeat and reallege their answers to Paragraphs 1 through 114 of the First Amended Complaint as if fully set forth herein.

116.  The Defendants deny each and every allegation in Paragraph 116 of the First Amended Complaint.

117.  The Defendants deny each and every allegation in Paragraph 117 of the First Amended Complaint.

118.  The Defendants deny each and every allegation in Paragraph 118 of the First Amended Complaint.

119.  The Defendants deny each and every allegation in Paragraph 119 of the First Amended Complaint.

120.  The Defendants deny each and every allegation in Paragraph 120 of the First Amended Complaint.

121.  The Defendants deny each and every allegation in Paragraph 121 of the First Amended Complaint.

122.  The Defendants deny each and every allegation in Paragraph 122 of the First Amended Complaint.

123. The Defendants deny each and every allegation in Paragraph 123 of the First Amended Complaint.

## COUNT X

124. The Defendants repeat and reallege their answers to Paragraphs 1 through 123 of the First Amended Complaint as if fully set forth herein.

125. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the First Amended Complaint and therefore leave the Plaintiff to prove same.

126. The Defendants deny each and every allegation in Paragraph 126 of the First Amended Complaint.

127. The Defendants deny each and every allegation in Paragraph 127 of the First Amended Complaint.

128. The Defendants deny each and every allegation in Paragraph 128 of the First Amended Complaint.

129. The Defendants deny each and every allegation in Paragraph 129 of the First Amended Complaint.

130. The Defendants deny each and every allegation in Paragraph 130 of the First Amended Complaint.

131. The Defendants deny each and every allegation in Paragraph 131 of the First Amended Complaint.

132. The Defendants deny each and every allegation in Paragraph 132 of the First Amended Complaint.

133. The Defendants deny each and every allegation in Paragraph 133 of the First Amended Complaint.

134. The Defendants deny each and every allegation in Paragraph 134 of the First Amended Complaint.

135. The Defendants deny each and every allegation in Paragraph 135 of the First Amended Complaint.

136.    The Defendants deny each and every allegation in Paragraph 136 of the First Amended Complaint.

## COUNT XI

137.    The Defendants repeat and reallege their answers to Paragraphs 1 through 136 of the First Amended Complaint as if fully set forth herein.

138.    The Defendants deny each and every allegation in Paragraph 138 of the First Amended Complaint.

139.    The Defendants deny each and every allegation in Paragraph 139 of the First Amended Complaint.

140.    The Defendants deny each and every allegation in Paragraph 140 of the First Amended Complaint.

141.    The Defendants deny each and every allegation in Paragraph 141 of the First Amended Complaint.

142.    The Defendants deny each and every allegation in Paragraph 142 of the First Amended Complaint.

143.    The Defendants deny each and every allegation in Paragraph 143 of the First Amended Complaint.

## COUNT XII

The Defendant Nashoba Regional School District does not respond to the allegations in Count XII of the First Amended Complaint because this count was dismissed as to the Defendant Nashoba Regional School District by Order of the Court dated March 30, 2006.  The remaining Defendants respond as follows:

144.    The Defendants repeat and reallege their answers to Paragraphs 1 through 143 of the First Amended Complaint as if fully set forth herein.

145.    The Defendants deny each and every allegation in Paragraph 145 of the First Amended Complaint.

146.    The Defendants deny each and every allegation in Paragraph 146 of the First Amended Complaint.

147.   The Defendants deny each and every allegation in Paragraph 147 of the First Amended Complaint.

148.   The Defendants deny each and every allegation in Paragraph 148 of the First Amended Complaint.

The Defendants deny that Plaintiff is entitled to any relief or damages or judgment.

## FOURTH DEFENSE

The Defendants state that, if the Plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendants were not and are not legally responsible.

## FIFTH DEFENSE

The Defendants state that the Plaintiff, by his conduct and actions, cannot recover in this action.

## SIXTH DEFENSE

The Defendants state that the Plaintiff's recovery is barred by virtue of M.G.L. c. 258.

## SEVENTH DEFENSE

The Defendants state that they are immune from liability to the Plaintiff by virtue of M.G.L. c. 258, § 10(c).

## EIGHTH DEFENSE

The Defendants state that the Plaintiff's action is time barred by the applicable statute of limitations.

## NINTH DEFENSE

The Defendants state that they are immune from liability to the Plaintiff by virtue of M.G.L.

c. 258, § 2.

### TENTH DEFENSE

The Defendants state that the Plaintiff failed to mitigate his damages as required by law.

### ELEVENTH DEFENSE

The Defendants state that their acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, the Plaintiff cannot recover.

### TWELFTH DEFENSE

The Defendants states that they were justified in their conduct and acts and, therefore, the Plaintiff cannot recover.

### THIRTEENTH DEFENSE

The Defendants state that the Plaintiff failed to exhaust his administrative remedies and, therefore, his recovery is barred as a matter of law.

### FOURTEENTH DEFENSE

The Plaintiff's recovery in this action is barred by virtue of M.G.L. c. 152 and/or M.G.L. c. 41.

### FIFTEENTH DEFENSE

The Defendants state that Plaintiff is barred from pursuing the action by the doctrines of Res Judicata and Collateral Estoppel.

### SIXTEENTH DEFENSE

The Plaintiff, by his own actions and conduct, is estopped from asserting the claims set forth in his First Amended Complaint.

-16-

## SEVENTEENTH DEFENSE

The Plaintiff's claims are barred by laches.

## EIGHTEENTH DEFENSE

The Plaintiff waived his claims against the Defendants.

## NINETEENTH DEFENSE

The Plaintiff's claims are barred by the exclusivity provision within M.G.L. c. 149, § 185.

## TWENTIETH DEFENSE

The Defendants did not act with actual malice and, therefore, the Plaintiff may not recover.

## TWENTY-FIRST DEFENSE

The Plaintiff's action is without basis in law and fact and, therefore, the Defendants are entitled to an award of reasonable attorneys' fees and costs pursuant to M.G.L. c. 149, § 185.

## TWENTY-SECOND DEFENSE

The Defendants state at all times material, the individual Defendants acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the First Amended Complaint which bear on a question of state law or federal law.

## TWENTY-THIRD DEFENSE

The Defendants state that the Plaintiff by his conduct and actions and/or by the conduct and actions of his agents and servants has waived any and all rights he may have had against the Defendants, or is estopped thereby, and therefore the Plaintiff cannot be granted any relief in this

action.

## TWENTY-FOURTH DEFENSE

The Defendants state that they were privileged in their conduct and acts and that therefore the Plaintiff cannot recover.

## TWENTY-FIFTH DEFENSE

The Defendants state that at all times relevant hereto Defendants acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of Defendants acting reasonably and in good faith within the scope of their authority as a public entity or governmental officials.

## TWENTY-SIXTH DEFENSE

The Defendants state that the Plaintiff was not deprived of any rights secured by either the State or U.S. Constitution or the laws of the Commonwealth or the United States.

## TWENTY-SEVENTH DEFENSE

The Defendants state that Plaintiff cannot establish an official custom, policy or practice causing the alleged violation of Plaintiff's civil rights and, therefore, the governmental Defendants cannot be held liable for civil rights violations.

## TWENTY-EIGHTH DEFENSE

The Defendants state that no act or omission by Defendants was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

## TWENTY-NINTH DEFENSE

Plaintiff may not recover under breach of contract theory where the statutory requirements

-18-

for a governmental contract were not met.

## THIRTIETH DEFENSE

Plaintiff may not recover against a governmental entity under implied contact theory.

## THIRTY-FIRST DEFENSE

Plaintiff may not recover under a breach of contract theory where there was no consideration.

## THIRTY-SECOND DEFENSE

There was no privity of contract between Plaintiff and Defendants.

## THIRTY-THIRD DEFENSE

The Plaintiff's claims are barred by M.G.L. c. 258, § 10(b).

## THIRTY-THIRD DEFENSE

The Plaintiff's claims against the Defendants are barred by M.G.L. c. 258, § 4 because he failed to make proper presentment.

## THIRTY-FOURTH DEFENSE

The Defendants state that the Plaintiff's recovery, if any, is limited pursuant to the provisions of M.G.L. c. 258.

## THIRTY-FIFTH DEFENSE

The Defendants' conduct and actions were reasonable and, therefore, the Plaintiff cannot recover.

## THIRTY-SIXTH DEFENSE

The Plaintiff cannot recover because Plaintiff was not subject to the requisite "extreme and outrageous" conduct upon which to base liability.

## JURY DEMAND

The Defendants demand a trial by jury on all issues.

Respectfully submitted,

The Defendants,
NASHOBA REGIONAL SCHOOL DISTRICT;
JOHANNA VAN HOUTEN RILEY; CARLOS
LLANSO; ANNE KINGAN; ALICE ROEMER;
MARY BETH YENTZ; LINDA WEATHERBEE;
ADAM TOCCI; JEANNE WYAND; and
NANCY FLEMING;
By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III, BBO# 566522
John J. Davis, BBO# 115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record by electronic mail.

5/12/06
Date

-20-