**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| ANDREW PAQUETTE, | ) | CIVIL RIGHTS COMPLAINT |
|     PLAINTIFF, | ) | 42 U.S.C. §1983 |
| | ) | |
| V. | ) | CIVIL NO. <u>05-40099FDS</u> |
| | ) | |
| NASHOBA REGIONAL SCHOOL | ) | |
| DISTRICT; | ) | |
| MELANSON, HEATH AND COMPANY; | ) | |
| JOHANNA VAN HOUTEN RILEY, in her | ) | |
| official capacity as the former | ) | |
| Superintendent for the Nashoba Regional | ) | |
| School District and in her individual | ) | |
| capacity; and | ) | |
| CARLOS LLANSO, | ) | |
| ANNE KINGAN, | ) | |
| ALICE ROEMER, | ) | |
| MARY BETH YENTZ, | ) | |
| LINDA WEATHERBEE, | ) | |
| ADAM TOCCI, | ) | |
| JEANNE WYAND, | ) | |
| NANCY FLEMING, in their official | ) | |
| capacities as former members | ) | |
| of the Nashoba Regional School Committee | ) | |
| and in their individual capacities, | ) | Dated: <u>June 29, 2006</u> |
|     DEFENDANTS. | ) | |

**<u>ANDREW PAQUETTE'S</u>**
**<u>INITIAL DISCLOSURE</u>**

    Pursuant to Federal Rules of Civil Procedures, Rule 26(a)(1) and Local Rule 26.2, Plaintiff Andrew Paquette, by and through his counsel, hereby makes the following initial disclosures.

**I.    Identity of persons who may possess discoverable information.**

    In addition to any and all individuals identified by other parties to this action, the Plaintiff believes that the following persons are likely to have discoverable information relevant to potentially disputed facts alleged in the Complaint:

    1.    Andrew Paquette, Plaintiff, 21 Homestead Ave, Auburn, MA 01501. Mr. Paquette has knowledge and information regarding the allegations made in the Complaint and facts and circumstances at issue in this litigation.

2. Johanna Riley, 1 Neds Point Road, Mattapoisett, MA 02739-2113. Ms. Riley has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

3. Carlos Llanso, 119 Moffett Street, Lancaster, MA 01523. Mr. Llanso has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

4. Anne Kingan, 120 West Berlin Road, Bolton, MA 01740-1345. Ms. Kingan has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

5. Alice Roemer, 185 Main Street, Bolton, MA 01740-1105. Ms. Roemer has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

6. Mary Beth Yentz, 19 Johnny Appleseed Lane, Lancaster, MA 01523. Ms. Yentz has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

7. Linda Weatherbee, 441 Neck Road, Lancaster, MA 01523. Ms. Weatherbee has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

8. Adam Tocci, 15 Deacon Benham Road, Stow, MA 01775-1381. Mr. Tocci has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

9. Jeanne Wyland, 113 Maple Street, Stow, MA 01775-1222. Ms. Wyland has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

10. Anne 'Nancy' C. Fleming, 26 Dunster Drive, Stow, MA 01775. Ms. Fleming has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

11. John Sullivan, Melanson, Heath & Co., P.C.. Mr. Sullivan participated in the investigation that Melanson, Heath & Co., P.C. (Melanson) performed for the Nashoba Regional School District and the work involving projections and reports to the State Advisory Board. He has knowledge and information regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

12. John Antonucci, former Assistant Superintendent of Finance for the Nashoba Regional School District. Mr. Antonucci may have knowledge and information

regarding the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

13. Edward Sacco, the former Assistant Superintendent for Nashoba Regional School District. Mr. Sacco has knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation

14. Robert Brown, R.E. Brown & Company. Mr. Brown and/or R.E. Brown & Company formerly performed audits for the Nashoba Regional School District. Mr. Brown and/or R.E. Brown & Company have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

15. Beverly Temple, Human Resource Director for the Nashoba Regional School District. Ms. Temple may have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

16. Mary Carney, Senior Vice President First SouthWest Company (Worcester Office). Ms. Carney has knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation, including the financial issues concerning the Nashoba Regional School District.

17. Dory Huard, Vice President of Fleet Government Banking during the time of Andrew Paquette's employment with the Nashoba Regional School District. Ms. Huard has knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation, including the financial issues concerning the Nashoba Regional School District.

18. Art Wagman, address unknown. It is believed that an individual by the name of Art Wagman may have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

19. Frank Vacirca, the former Superintendent of Greater Lawrence Regional Vocational Technical High School. It is believed that Mr. Vacirca may have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

20. Joseph Rappa, Ed.D., Executive Director, Office of Educational Quality and Accountability, 1 Ashburton Place Room 1403, Boston, MA 02108. Mr. Rappa may have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

22. Kathy Leonardi, Accounts Payable Specialist for the Nashoba Regional School District. It is believed that Ms. Leonardi may have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at

issue in this litigation, specifically, information regarding the Nashoba Regional School District's financials and freezes to the school district's budget that were issued during the relevant period in this litigation.

23. Joan Taratuta, Staff Accountant for the Nashoba Regional School District. It is believed that Ms. Taratuta may have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

24. Gene Chasin, former Nashoba Regional School District Superintendent who was involved in the hiring process of Andrew Paquette. Mr. Chasin may have knowledge and information regarding the circumstances surrounding the Nashoba Regional School District's hiring of Andrew Paquette and information regarding the circumstances surrounding the Nashoba Regional School District's financials prior to Mr. Paquette's employment

25. Carol Sager, interim Superintendent of the Nashoba Regional School District. Ms. Sager has knowledge and information regarding the circumstances surrounding the Nashoba Regional School District's financials prior to Mr. Paquette's employment.

26. Peter Schworm, reporter for the Boston Globe. Mr. Schworm has knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation, specifically information relevant to information reported to the media by the Defendants and/or on behalf of the Defendants by their agents, employees and/or assigns.

27. Christine Quirk, reporter for the Worcester Telegram and Gazette. Ms. Quirk has knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation, specifically information relevant to information reported to the media by the Defendants and/or on behalf of the Defendants by their agents, employees and/or assigns.

28. In addition to the foregoing reporters, the Plaintiff believes that other reporters and journalist who researched and/or reported information concerning the 2002 financial crisis of the Nashoba Regional School District have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation, specifically information relevant to information reported to the media by the Defendants and/or on behalf of the Defendants by their agents, employees and/or assigns.

29. Concerned Citizens of Stowe, address unknown. The Plaintiff believes that members of the Concerned Citizens for Stowe may have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

30. Numerous individual parents and members of the community present at Nashoba Regional School Committee meetings regarding the 2002 financial crisis. The Plaintiff believes that the aforementioned individuals, whose identities are not known to Plaintiff at this time, have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

31. It is believed that the circumstances surrounding Nashoba Regional School District's financial crisis, Andrew Paquette and this litigation may have been discussed at tri-town meetings for the communities of Stow, Lancaster and Bolton. To the extent such matters were discussed at these meetings, the Plaintiff identifies the members of the community present at such Tri-Town meetings, whose individual identities are not known to Plaintiff at this time, to have knowledge and information regarding allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

32. The community television and/or public television stations for the Towns of Bolton, Stow and/or Lancaster. The Plaintiff believes that the aforementioned entities and/or individual representatives and/or agents from the aforementioned entities may have knowledge and/or information concerning video and/or electronic recordings of Town and/or School Committee meetings concerning the 2002 financial crisis of the Nashoba Regional School District. It is believed that said recordings, when identified and produced, contain information concerning the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation.

33. The individuals and entities identified in the initial disclosures of Melanson, Health and Co., P.C. may have information or knowledge concerning the allegations made in the Complaint and the facts and circumstances at issue in this litigation.

34. In addition to the foregoing individuals, the Plaintiff believes that other persons or entities have knowledge or information concerning the allegations made in Plaintiff's Complaint and facts and circumstances at issue in this litigation. It is not possible for the Plaintiff to identify each and every such person at this time.

**II.  Documents.**

The following documents documents are in the possession, custody, or control of the party

1. <u>Public Records from the Nashoba Regional School District</u>. The Plaintiff has discoverable documents in its possession, custody and/or control relative to public records requests made to the Keeper of Records for the Nashoba Regional School District that may contain relevant information. Copies of these documents are available to the other parties for inspection.

2. <u>Public Records from the Massachusetts Department of Revenue</u>.  The Plaintiff has discoverable documents in its possession, custody and/or control relative to public records requests made to the Massachusetts Department of Revenue that may contain relevant information.  Copies of these documents are available to the other parties for inspection.

3. <u>Newspaper Reports</u>.  The Plaintiff has discoverable documents in its possession, custody and/or control relative to newspaper reports concerning allegations made in the Complaint, this litigation and/or the finances of the Nashoba Regional School District.  Copies of these documents are available to the other parties for inspection.

4. <u>Non-Discoverable Information</u>.  The Plaintiff and his attorneys possess certain correspondence, notes and/or other documents exchanged between them that were created prior to or during the course of this litigation concerning this claim and the facts and circumstances at issue in this litigation.  These documents are protected by attorney-client privilege, constitute protected work-product, and were prepared in anticipation of this litigation and/or for trial.  This material is not discoverable.

**III.     Insurance.**

None applicable.

## CONCLUSION

Plaintiff states that its search for information relevant to this action has been and remains ongoing, and the Plaintiff reserves the right to modify or supplement this initial disclosure statement as it deems necessary.

Respectfully submitted,

Andrew Paquette

By his attorneys

/s/ Layla G. Taylor
Meghan B. Sullivan. (BBO No.:635265)
Layla G. Taylor, Esq. (BBO No.: 660736)
SULLIVAN, HAYES & QUINN
One Monarch Place – Suite 1200
Springfield, MA 01151
(413) 736-4538

Dated this 29th day of June, 2006.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of June, 2006, I filed a true and complete copy of the foregoing Plaintiff Andrew Paquette's Initial Disclosure with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

John J. Davis, Esq.
John J. Cloherty III, Esq.
PIERCE, DAVIS AND PERRITANO, LLP
Ten Winthrop Square
Boston, MA 02110-1257

Edward D. Shoulkin, Esq.
TAYLOR, DUANE, BARTON &
  GILMAN, LLP
160 Federal Street
Boston, MA 02110

                                                /s/ Layla G. Taylor
                                                Layla G. Taylor, Esq.